# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| GINA M. BARRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV1920 JCH |
| | ) | |
| ST. LOUIS POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the filing plaintiff's motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon

which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff seeks monetary and injunctive relief in this action against defendant, the St. Louis City Police Department, alleging, in a conclusory manner, that defendant has engaged in racketeering, in violation of her 4th, 5th and 8th Amendment rights. Plaintiff claims generally that the St. Louis City Police Department engaged in a scheme to obtain possession of plaintiff's "real property" by writing "excessive tickets" and charging "excessive fines to have the property returned." Plaintiff states that the grounds for filing this case in Federal Court are, as follows: "Violation of 4th, 5th and 8th Amendments to the U.S. Constitution."

To the extent that plaintiff is attempting to bring this action under 42 U.S.C. § 1983, the complaint is legally frivolous. To maintain an action for intentional or

negligent deprivation of property under § 1983, a plaintiff must show that defendants acted under color of state law, and that she has no adequate post-deprivation state remedy to redress the wrong. Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also Harris v. St. Louis Police Dept., 164 F.3d 1085 (8th Cir. 1998) (police officer's destruction of plaintiff's bus pass not actionable under § 1983, because plaintiff has adequate postdeprivation remedy in Missouri state court for conversion). Thus, if the taking of property is intentional, and the state provides an adequate postdeprivation remedy, there is no violation of due process. Id.; Parratt v. Taylor, 451 U.S. 527 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, 328 (1986); Reese v. Kennedy, 865 F.2d 186, 187 (8th Cir. 1989) (state tort remedies preclude § 1983 claim for deprivation of property); Maples v. United Sav. & Loan Ass'n, 686 S.W.2d 525, 527 (Mo.Ct.App. 1985) (defining conversion as "unauthorized assumption of the right of ownership over the personal property of another to the exclusion of the owner's rights"). Plaintiff does not allege that she lacks an adequate postdeprivation remedy. Furthermore, regardless of the existence of a state postdeprivation remedy, no due process claim exists if the loss of plaintiff's property was the result of negligence. See Daniels v. Williams, 474 U.S. 327, 328 (1986); accord Davidson v. Cannon, 474 U.S. 344, 347 (1986); Morton v. Becker, 793 F.2d 185, 188 n.3 (8th Cir. 1986) (Fourteenth Amendment due process clause is not implicated by state official's

negligent act causing unintended loss of or injury to life, liberty, or property). Lastly, if plaintiff is indeed pursuing this action under § 1983, the complaint is legally frivolous because police departments are not suable entities under § 1983. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 82 (1992). To the extent that plaintiff is attempting to bring this action under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964, the action is legally frivolous and fails to state a claim or cause of action. A plaintiff who brings suit under § 1964(c) must prove that the defendant engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. See Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 (1985); cf. United States v. Darden, 70 F.3d 1507, 1518 (8th Cir. 1995) (describing elements in alternative, but essentially equivalent manner). In the instant case, plaintiff has not alleged the elements required to state a claim under § 1964(c).

Moreover, liberally construing the complaint as being brought under 28 U.S.C. § 1332, the action should be dismissed for lack of subject matter jurisdiction. Plaintiff does not allege that the amount in controversy exceeds $75,000, and diversity of citizens is lacking. See 28 U.S.C. § 1332.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis, [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 18th Day of December, 2008.

        /s/ Jean C. Hamilton
        JEAN C. HAMILTON
        UNITED STATES DISTRICT JUDGE